United States District Court
Southern District of Texas
**ENTERED**
December 22, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| MELINDA TIJERINA | § | |
| | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 7:19-cv-00285 |
| | § | |
| ISIDRO GUERRA and MOLANO, INC., | § | |
| | § | |
| Defendants. | § | |
| | § | |

## OPINION AND ORDER

The Court now considers "Defendants' Motion and Brief for Partial Summary Judgment to Dismiss Plaintiff's Gross Negligence/Punitive Damages Claims,"[1] Plaintiff's response,[2] and Defendants' reply,[3] and Plaintiff's "supplemental" response.[4] The Court also considers "Plaintiff's Opposed Motion to Strike Retained Defense Witness Adelino Yung, P.E,"[5] and Defendants' response.[6] After considering the motions, record, and relevant authorities, the Court **GRANTS** Defendants' motion for partial summary judgment[7] and **DENIES** Plaintiff's motion to strike Defendants' expert witness Adelino Yung.[8]

The Court also sua sponte **CONTINUES** the parties final pretrial conference from 9a.m. on Monday, December 28th to **9a.m. on Tuesday, December 29, 2020.**

---

[1] Dkt. No. 52.
[2] Dkt. No. 59.
[3] Dkt. No. 60.
[4] Dkt. No. 62.
[5] Dkt. No. 53.
[6] Dkt. No. 57.
[7] Dkt. No. 52.
[8] Dkt. No. 53.

## I.  BACKGROUND

This is a personal injury case arising from a February 9, 2018 vehicle collision wherein Defendant Guerra, the  driver of a tractor trailer owned by Defendant Molano, allegedly rear-ended Plaintiff's vehicle in Edinburg, Texas.[9] Plaintiff filed this action in state court, bringing claims of negligence, negligence per se, and gross negligence against both Defendants and seeking damages "in an amount more than $1,000,000.00."[10] Defendants properly removed this action on the basis of diversity jurisdiction on August 16, 2019.[11]

The parties appeared for an initial pretrial and scheduling conference on October 3, 2019, during which the Court orally set a schedule for the case. Thereafter, the Court issued a Scheduling Order delineating the following deadlines: February 7, 2020 for the designation of Plaintiff's experts; March 13, 2020 for the designation of Defendants' experts; April 30, 2020 for the close of discovery; May 15, 2020 for all pretrial motions; July 10, 2020 for the parties' joint pretrial order; and August 17, 2020 for the parties' final pretrial conference.[12] On April 1, 2020, after a motion from Defendants, the Court granted an extension of scheduling order deadlines.[13]

On August 5, 2020, the Court granted the parties' joint motion to again modify the scheduling order on the grounds of Plaintiff's delayed surgery and pending mediation between the parties.[14] The order extended the deadlines by five months, delineating the following modified deadlines: September 28, 2020 for the close of discovery; October 20, 2020 for the

---

[9] Dkt. No. 1-3 p. 2–3 (Plaintiff's Original Complaint). The case was removed from the 370th District Court of Hidalgo County, Cause No. C-2957-19-G. Dkt. No. 12 p. 2, ¶ 3.
[10] Dkt. No. 1-3 at 4–8.
[11] Plaintiff is a citizen of Texas, Defendant Guerra is a citizen of Florida, and Defendant Molano, Inc. is a Florida corporation. Dkt. No. 1-3 at 1–2.
[12] Dkt. No. 19.
[13] Dkt. No. 32.
[14] Dkt. No.  44

filing of all pretrial motions; November 30, 2020 for the filing of the joint pretrial order; and December 28, 2020 at 9:00 a.m. for the final pretrial conference.[15]

## II. JURISDICTION

The Court has jurisdiction pursuant to 28 U.S.C. § 1332.

## III. PLAINTIFF'S SUPPLEMENTAL RESPONSE

As a preliminary matter, the Court first turns to Plaintiff's supplemental response to Defendants' motion for partial summary judgment[16] filed on December 3, 2020. Pursuant to Local Rule 7.4, "responses to motions must be filed by the submission day." As Defendants' motion was filed on October 20, 2020, the submission day for Plaintiff's response was November 10, 2020.[17] This supplemental response was filed over three weeks after this deadline. The Court also notes that Plaintiff did not seek leave of the Court to file this response and did not provide good cause or excusable neglect for this post-deadline submission.[18] For these reasons, the Court **STRIKES** Plaintiff's "Supplemental Response to Defendants' Motion for Partial Summary Judgment to Dismiss Plaintiff's Gross Negligence/Punitive Damages Claims"[19] from this Court's docket.

## IV. DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT

In Defendants' motion for partial summary judgment, Defendants request the Court dismiss Plaintiff's claims of gross negligence against Defendant Guerra and Defendant Molano, Inc.

---

[15] *Id.*
[16] Dkt. No. 62.
[17] *See* LR7.3("Opposed motions will be submitted to the judge 21 days from filing . . . ).
[18] *See* Fed. R. Civ. P. 6(b)(B).
[19] Dkt. No. 62.

### a. Legal Standard

#### 1. Summary Judgment

Federal Rule of Civil Procedure 56 provides that a court shall award summary judgment when there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[20] One principal purpose of summary judgment "is to isolate and dispose of factually unsupported claims or defenses" and should be interpreted to accomplish this purpose.[21]

To earn summary judgment, the movant must demonstrate that there are no disputes over genuine and material facts and that the movant is entitled to summary judgment as a matter of law.[22] "[I]f the movant bears the burden of proof on an issue, either because he is the plaintiff or as a defendant he is asserting an affirmative defense, he must establish beyond peradventure *all* of the essential elements of the claim or defense to warrant judgment in his favor."[23] The movant "bears the initial burden of . . . demonstrat[ing] the absence of a genuine issue of material fact, but is not required to negate elements of the nonmoving party's case."[24] In other words, a movant may satisfy its burden by pointing out the absence of evidence to support the nonmovant's case if the nonmovant would bear the burden of proof with respect to that element at trial.[25] To demonstrate the absence of a genuine dispute of material fact, the movant

---

[20] FED. R. CIV. P. 56(a); *see Bulko v. Morgan Stanley DW Inc.*, 450 F.3d 622, 624 (5th Cir. 2006).

[21] *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

[22] *See Nebraska v. Wyoming*, 507 U.S. 584, 590 (1993).

[23] *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986), *quoted in Chaplin v. NationsCredit Corp.*, 307 F.3d 368, 372 (5th Cir. 2002); *accord Bank of La. v. Aetna U.S. Healthcare Inc.*, 468 F.3d 237, 241 (5th Cir. 2006) (holding that, if the movant intends to rely on an affirmative defense, "it must establish beyond dispute all of the defense's essential elements").

[24] *Lynch Props. v. Potomac Ins. Co.*, 140 F.3d 622, 625 (5th Cir. 1998).

[25] *Celotex Corp.*, 477 U.S. at 325; *see Pioneer Expl., L.L.C. v. Steadfast Ins. Co.*, 767 F.3d 503, 511 (5th Cir. 2014) (quotation omitted) ("Summary judgment must be granted against a party who fails to make a showing sufficient to

must point to competent evidence in the record, such as documents, affidavits, and deposition testimony[26] and must "articulate precisely how this evidence supports his claim."[27] If the movant fails to meet its initial burden, the motions for summary judgment "must be denied, regardless of the nonmovant's response."[28] Accordingly, the Court may not enter summary judgment by default,[29] but may accept a movant's facts as undisputed if they are unopposed.[30]

If the movant meets its initial burden, the nonmovant "may not rest upon mere allegations contained in the pleadings, but must set forth and support by summary judgment evidence specific facts" that demonstrate the existence of a genuine issue for trial.[31] The nonmovant's "conclusory statements, speculation, and unsubstantiated assertions cannot defeat a motion for summary judgment."[32] The nonmovant is "*required* to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his or her claim."[33] "A failure on the part of the nonmoving party to offer proof concerning an essential element of its case necessarily renders all other facts immaterial and mandates a finding that no genuine issue of fact exists."[34] The nonmovant's demonstration cannot consist solely of "[c]onclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and

---

establish the existence of an element essential to that party's case, and on which it will bear the burden of proof at trial.").

[26] FED. R. CIV. P. 56(c)(1); *see Pioneer Expl., L.L.C. v. Steadfast Ins. Co.*, 767 F.3d 503, 511 (5th Cir. 2014) (quotation omitted) ("The movant . . . must identify those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.").

[27] *RSR Corp. v. Int'l Ins. Co.*, 612 F.3d 851, 857 (5th Cir. 2010).

[28] *Pioneer Expl., L.L.C. v. Steadfast Ins. Co.*, 767 F.3d 503, 511 (5th Cir. 2014) (quotation omitted).

[29] *Hibernia Nat'l Bank v. Administracion Central Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir. 1985).

[30] *Eversley v. MBank Dallas*, 843 F.2d 172, 174 (5th Cir. 1988); *see* LR7.4 ("Failure to respond to a motion will be taken as a representation of no opposition").

[31] *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998); *see Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam) ("[T]he nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial.").

[32] *RSR Corp.*, 612 F.3d at 857.

[33] *Ragas*, 136 F.3d at 458 (emphasis added).

[34] *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 164 (5th Cir. 2006); *see Nebraska v. Wyoming*, 507 U.S. 584, 590 (1993) (quotation and alteration omitted) ("When the nonmoving party bears the burden of proof at trial, summary judgment is warranted if the nonmovant fails to make a showing sufficient to establish the existence of an element essential to its case.").

legalistic argumentation"[35] and a "mere scintilla of evidence" also will not do.[36] "That is, the nonmoving party must adduce evidence sufficient to support a jury verdict."[37]

"A fact is 'material' if its resolution could affect the outcome of the action,"[38] while a "genuine" dispute is present "only if a reasonable jury could return a verdict for the non-movant."[39] As a result, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."[40] "Although this is an exacting standard, summary judgment is appropriate where the only issue before the court is a pure question of law."[41] The Court does not weigh the evidence or evaluate the credibility of witnesses and views all facts and inferences in the light most favorable to the nonmovant,[42] including "resolv[ing] factual controversies in favor of the nonmoving party, but only where there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts."[43] The Court will draw only *reasonable* inferences in the nonmovant's favor and will not countenance "senseless" theories or leaps in logic.[44] The Court is under no duty to sift through the entire record in search of evidence to support the nonmovant's opposition to summary judgment.[45] The Court does not "assume in the absence of any proof … that the nonmoving party could or would prove the necessary facts, and will grant summary judgment

---

[35] *United States ex rel. Farmer v. City of Hous.*, 523 F.3d 333, 337 (5th Cir. 2008) (quoting *TIG Ins. Co. v. Sedgwick James of Wash.*, 276 F.3d 754, 759 (5th Cir. 2002)).
[36] *Chaney v. Dreyfus Serv. Corp.*, 595 F.3d 219, 229 (5th Cir. 2010); *accord Germain v. US Bank Nat'l Ass'n*, 920 F.3d 269, 272 (5th Cir. 2019).
[37] *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998).
[38] *Burrell v. Dr. Pepper/Seven UP Bottling Grp.*, 482 F.3d 408, 411 (5th Cir. 2007).
[39] *Fordoche, Inc. v. Texaco, Inc.*, 463 F.3d 388, 392 (5th Cir. 2006).
[40] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).
[41] *Sheline v. Dun & Bradstreet Corp.*, 948 F.2d 174, 176 (5th Cir. 1991).
[42] *Williams v. Time Warner Operation, Inc.*, 98 F.3d 179, 181 (5th Cir. 1996).
[43] *Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005).
[44] *See Eastman Kodak Co. v. Image Tech. Servs.*, 504 U.S. 451, 468–69 & n.14 (1992).
[45] *Jones v. Sheehan, Young & Culp, P.C.*, 82 F.3d 1334, 1338 (5th Cir. 1996); *accord Adams Family Tr. v. John Hancock Life Ins. Co.*, 424 F. App'x 377, 380 n.2 (5th Cir. 2011).

in *any* case where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant."[46]

2.  *Gross Negligence*

This motion for partial summary judgment relates solely to Plaintiff's claims of gross negligence against Defendant Guerra and Defendant Molano, Inc.[47] As jurisdiction in this case is based on diversity, Texas substantive law applies.[48]

Under Texas law, a gross negligence claim has both an objective and a subjective component.[49] The Texas Civil Practice & Remedies Code provides that gross negligence means an act or omission:

> (A) which when viewed objectively from the standpoint of the actor at the time of its occurrence involves an extreme degree of risk, considering the probability and magnitude of the potential harm to others; and

> (B) of which the actor has actual, subjective awareness of the risk involved, but nevertheless proceeds with conscious indifference to the rights, safety, or welfare of others.[50]

"The objective gross-negligence standard must remain functionally distinguishable from ordinary negligence."[51] "As to the objective component, an extreme degree of risk is a threshold significantly higher than the objective 'reasonable person' test for negligence."[52] "An act or omission that is merely thoughtless, careless, or not inordinately risky cannot be grossly negligent."[53] A finding of gross negligence "can be supported only by an extreme degree of risk,

---

[46] *Boudreaux*, 402 F.3d at 540 (quotation omitted) (emphasis in original).
[47] Dkt. No. 52.
[48] 28 U.S.C. § 1652; Erie R. Co. v. Tompkins, 304 U.S. 64, 91 (1938).
[49] *U-Haul Int'l, Inc. v. Waldrip*, 380 S.W.3d 118, 137 (Tex. 2012); Reeder v. Wood Cty. Energy, LLC, 395 S.W.3d 789, 796 (Tex.2012).
[50] TEX. CIV. PRAC. & REM. CODE § 41.001(11).
[51] *Medina v. Zuniga*, 593 S.W.3d 238, 249 (Tex. 2019).
[52] *Id.* (internal quotations omitted); *U-haul*, 380 S.W.3d at 137; *Mobil Oil Corp. v. Ellender*, 968 S.W.2d 917, 921 (Tex.1998).
[53] *Medina v. Zuniga*, 593 S.W.3d at 249 (citing *Mobil Oil*, 968 S.W.2d at 921).

not 'a remote possibility of injury or even a high probability of minor harm, but rather the likelihood of serious injury to the plaintiff.'"[54]

In contrast, the subjective component requires that the plaintiff "show that the defendant knew about the peril, but his acts or omissions demonstrate that he did not care."[55] "The risk should be examined prospectively from the perspective of the actor, not in hindsight."[56] Gross negligence requires proof of a defendants' conscious indifference, not mere "thoughtlessness, inadvertence, or error of judgment."[57] A defendant's knowledge or consciousness of the extreme risk "may be proved indirectly through a defendant's conduct."[58] Further, "[t]he defendant need not have anticipated the precise manner of harm or to whom the injury would befall to have had awareness of the extreme risk."[59] Still, a defendant "cannot be liable for gross negligence when it actually and subjectively believes that circumstances pose no risk to the injured party, even if [it is] wrong."[60] The Court now turns to its analysis.

**b. Analysis**

In support of Defendants' motion, Defendants argue that Plaintiff has not met the evidentiary burden to support her claim of gross negligence against Defendant Guerra or Defendant Molano, Inc.[61]

*1. Gross Negligence of Defendant Guerra*

---

[54] *Id.* (quoting *Mobil Oil*, 968 S.W.2d at 921.

[55] *Id.* at 247 (citing *Diamond Shamrock Ref. Co. v. Hall*, 168 S.W.3d 164, 173 (Tex. 2005)).

[56] *Id.* (quoting *Columbia Med. Ctr. of Las Colinas, Inc. v. Hogue*, 271 S.W.3d 238, 248 (Tex. 2008)).

[57] *Wal-Mart*, 868 S.W.2d at 326 ("The plaintiff must show that the defendant was consciously, i.e., knowingly, indifferent to his rights, welfare, and safety. In other words, the plaintiff must show that the defendant knew about the peril, but his acts or omissions demonstrated that he didn't care . . . Because of this requirement of conscious indifference, gross negligence can never be the result of "momentary thoughtlessness, inadvertence, or error of judgment."") (quoting Burk Royalty Co. v. Walls, 616 S.W.2d 911, 920 (Tex.1981)).

[58] *Id.*

[59] *Id.* (citing *U-haul,* 380 S.W.3d at 139); *Wal-Mart Stores, Inc. v. Alexander*, 868 S.W.2d 322, 326 (Tex. 1993).

[60] *U-Haul*, 380 S.W.3d at 141 (Tex. 2013).

[61] Dkt. No. 52 at 5–7, ¶¶ 12–15.

Defendants contend that Plaintiff has failed to provide evidence that Defendant Guerra acted with the requisite conscious or knowing indifference.[62] Defendants provide that Defendant Guerra testified that "there was no vehicle near his truck when making the turn" and that he was not made aware of Plaintiff's vehicle until he "pulled into the weigh station and Plaintiff confronted him."[63] On these basis, Defendants contend that Defendant Guerra could not have acted with *conscious* or *knowing* indifference because "he was not aware of the Plaintiff's vehicle being on the road or in any position where he could impact Plaintiff's vehicle when he turned."[64] Defendants further argue that Plaintiff also provided no evidence to support the objective element of gross negligence.[65] The Court finds that Defendants met their burden to establish an absence of evidence to prove the essential elements of Plaintiff's claims for gross negligence against Defendant Guerra. Thus, the burden shifts to Plaintiff to identify specific evidence in the record and to articulate the precise manner in which that evidence supports her claim of gross negligence against Defendant Guerra.[66]

In response, Plaintiff contends that Defendants arguments are controverted by her testimony describing the accident, the police report, police dash cam images, and Defendant Guerra's own testimony.[67] Before addressing this evidence, the Court addresses the form of the motion. In the motion itself, Plaintiff pastes pages and pages of deposition testimony without specifying what that testimony allegedly shows. Neither does Plaintiff highlight any particular line of testimony. Plaintiff also incorporates into the motion photos with little explanation of what they supposedly show. The better practice would be to succinctly address the evidence in

---

[62] *Id.* at 5, ¶ 12.
[63] *Id.* (citing 52-2 at 24:11-14; 25:1-5; 40:16-21; 44:7-17; 74:10-23; 87:7-22).
[64] *Id.*
[65] *Id.* at 6, ¶ 14.
[66] *See Ragas, supra* note 33.
[67] Dkt. No. 59 at 11, ¶ 35.

the motion with specific reference to the actual exhibits. Nonetheless, the Court addresses the evidence.

In support of her argument, Plaintiff points to Defendant Guerra's testimony. Therein, in response to a series of hypotheticals presented by Plaintiff's counsel, Defendant Guerra indicated that he would not have made the turn in the hypothetical because it would have killed somebody.[68] Plaintiff argues that based on this answer, "Guerra knew that a professional driver would never make a left turn *as alleged by Plaintiff*."[69] However, Plaintiff does not provide any evidence connecting her testimony concerning the circumstances of the accident and the hypotheticals to which Defendant Guerra provides this response.[70] All responses from Defendant Guerra upon which Plaintiff bases these conclusions relate to the hypotheticals.[71] Plaintiff points to no evidence beyond Defendant Guerra's responses regarding these hypotheticals in her attempt to prove either an objectively extreme risk or Defendant Guerra's subjective knowledge of such a risk in making the turn under circumstance as alleged by Plaintiff.[72] Plaintiff provides the police report and the dash cam to support her account of the accident, but does not offer them to connect Defendant Guerra's responses to the hypothetical to Plaintiff's account.[73] As Plaintiff's claim relies on a connection between Defendant Guerra's responses to the

---

[68] *Id.* at 17–18, ¶¶ 41–42. (citing Dkt. No. 59-3 at 21–24 ("Q. If traffic had left you an opening, in other words, it was stopped here (indicating) and the someone left an opening in here (indicating) and traffic continued to be backed up, would you make that left turn? A. I cannot do it. There is no room for that. Q: What is the danger of making that sort of turn? A. Based on what you are telling me if I make a left, I will kill somebody on that side.")).
[69] Dkt. No. 59 at 17, ¶ 41 (emphasis added).
[70] *See* Dkt. No. 59-2 at 5–7; Dkt. No. 59-3 at 21–24 (Q. "If traffic on . . . was backed up to here (indicating), would you have made the left turn?" . . . Q. Okay. If traffic had left you an opening, in other words, it was stopped to here (indicating) and then someone left an opening here (indicating) and traffic continued to be backed up, would you make that left turn? . . . Q. And it is from that training that you know - - training and experience that you know you can't make a left turn through a gap in traffic *like we talked about*, right? . . . Q. It would be reckless to make *that sort of turn*? . . . Q. Making *that sort of turn* would involve an extreme degree of risk, right?").
[71] *See* Dkt. No. 59-3 at 21–24.
[72] Dkt. No. 59.
[73] *Id.* at 17–18, ¶ 42.

hypothetical and Plaintiff's description of the circumstances, but Plaintiff points to no evidence and provides no analysis to support such a connection, she fails to meet her burden.[74]

A finding of gross negligence "can be supported only by an extreme degree of risk, not 'a remote possibility of injury or even a high probability of minor harm, but rather the likelihood of serious injury to the plaintiff.'"[75] The Court notes that Plaintiff describes the tractor trailer that hit her as moving at "a walking pace" and does not provide any evidence that could reasonably serve the basis of a jury finding of extreme risk in making the left turn under the circumstances Plaintiff describes.[76] Neither Plaintiff's or Defendant's testimony, nor the police report or dash cam pictures provide any evidence of an extreme degree of risk presented by Defendant's alleged conduct under the circumstances as Plaintiff describes them. On this basis, the Court finds that Plaintiff has not provided sufficient evidence to support a jury verdict for gross negligence against Defendant Guerra.

Accordingly, the Court **GRANTS** Defendants' motion for partial summary judgment as to Defendant Guerra.

### 2.  *Gross Negligence of Defendant Molano, Inc.*

The Court now turns to Plaintiff's claim of gross negligence against Defendant Molano, Inc.[77] In Defendants' motion, Defendants' argue that Plaintiff fails to offer evidence to prove her claim of gross negligence against Defendant Molano, Inc.[78] Specifically, Defendants assert that

---

[74] *See id.* at 11, ¶ 35 ("His testimony that he might kill someone if he made a left turn *as described by Plaintiff* and that a professional driver would not make that sort of turn satisfies both components."); *id.* at 17, ¶ 41 ("Guerra knew that that [sic] a professional driver would never make a left turn as *alleged by Plaintiff*."); *id.* at 18, ¶ 43 ("Since Defendant Guerra had both objective and subjective knowledge of the danger of trying to fit his 18-wheeler through *heavy traffic* . . ."); *see Ragas, supra* note 33; *see also Adams, supra* note 34.

[75] *Medina, supra* note 54.

[76] Dkt. No. 59-2 at 5.

[77] Dkt. No. 1-3 at 6.

[78] Dkt. No. 52 at 6, ¶ 15.

Plaintiff provides no evidence of an objectively extreme degree of risk or Defendant Molano, Inc.'s subjective awareness of an extreme degree of risk in hiring Defendant Guerra.[79]

In response, Plaintiff argues that Defendant Molano, Inc. was grossly negligent in permitting Defendant Guerra to operate the 18-wheeler because Defendant Molano, Inc. did not continuously maintain a driver qualification file for Defendant Guerra as required by the Federal Motor Carrier Safety Regulations.[80] In arguing this, Plaintiff makes several leaps in logic, without providing any supporting evidence or legal authorities to support her points. First, Plaintiff does not provide any legal authority or analysis to support her contention that failure to maintain a driver qualification file presents an extreme degree of risk, as required for a finding of gross negligence.[81] Furthermore, Plaintiff does not provide evidence that Defendant Guerra was in fact an unfit driver.[82] The only evidence that she provides relevant to Defendant Guerra's qualifications is that his Florida commercial motor vehicle license was revoked for a period of nine months between 2015 and 2016 for failure to file a medical certification, which Plaintiff herself acknowledges was not known by Defendant Molano.[83] Plaintiff provides no evidence that this revocation was based on Defendant Guerra's fitness as a driver and provides no other evidence to support her contention that Defendant Guerra was unfit. As Plaintiff did not provide any evidence that Defendant Guerra was an unfit driver so as to present an extreme degree of risk, or proof of Defendant Molano, Inc.'s awareness of such an extreme risk, she did not satisfy her burden to overcome Defendants' motion for partial summary judgment. Accordingly, the Court **GRANTS** Defendants motion as to Defendant Molano, Inc.

---

[79] *Id.* at 7, ¶ 1.
[80] Dkt. No. 59 at 19–24, ¶¶ 44–54.
[81] *See* Dkt. No. 59 at 8-11, ¶¶ 28–34.
[82] *Id.* at 19–24.
[83] *Id.* at 22, ¶¶ 51–52.

The Court finds that Defendants met their burden to establish an absence of evidence to prove the essential elements of Plaintiff's claims for gross negligence against Defendant Guerra and Defendant Molano, Inc. The Court further finds that Plaintiff failed to identify evidence that adequately supports her claims of gross negligence against Defendant Guerra or Defendant Molano, Inc. For the foregoing reasons, the Court **GRANTS** Defendants' motion for partial summary judgment.[84] The Court **DISMISSES WITH PREJUDICE** Plaintiff's claims of gross negligence against Defendant Guerra and Defendant Molano, Inc. in this case.

### V. PLAINTIFF'S MOTION TO STRIKE DEFENSE EXPERT ADELINO YUNG

In Plaintiff's motion, Plaintiff requests the Court exclude Defendants' expert witness Adelino Yung, P.E. on the basis of relevance and reliability.

#### c. Legal Standard

Before a district court may allow a witness to testify as an expert, the Court must undertake a "preliminary assessment of whether the reasoning or methodology underlying the testimony is scientifically valid and of whether that reasoning or methodology properly can be applied to the facts in issue."[85] Federal Rule of Evidence 702 provides that the Court may only admit expert testimony if:

> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) the testimony is based on sufficient facts or data;
> (c) the testimony is the product of reliable principles and methods; and
> (d) the expert has reliably applied the principles and methods to the facts of the case.[86]

"Under the Rules, the trial judge must ensure that any and all scientific testimony or evidence admitted is not only relevant, but reliable."[87]

---

[84] Dkt. No. 52.
[85] *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 592–93 (1993); FED. R. EVID. 104.
[86] FED. R. EVID. 702.

Rule 702 requires that expert testimony "assist the trier of fact to understand the evidence or to determine a fact in issue," which goes primarily to the relevance of the testimony.[88] In general, "evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action."[89] Additonally, "Rule 702's 'helpfulness' standard requires a valid scientific connection to the pertinent inquiry as a precondition to admissibility."[90] "An additional consideration . . . is whether [the expert testimony] is sufficiently tied to the facts of the case that it will aid the jury in resolving a factual dispute."[91] Relevancy of expert testimony "is not always obvious, and scientific validity for one purpose is not necessarily scientific validity for other, unrelated purposes."[92]

Further, "[e]xpert testimony 'must be reliable at each and every step or else it is inadmissible. The reliability analysis applies to all aspects of an expert's testimony: the methodology, the facts underlying the expert's opinion, the link between the facts and the conclusion, *et alia*.' 'Where the expert's opinion is based on insufficient information, the analysis is unreliable.'"[93] Expert opinions that are unsupported, self-contradicted, or assumptive are to be excluded.[94] "A court may conclude that there is simply too great an analytical gap between the

---

[87] *Daubert*, 509 U.S. at 589; *see Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 141 (1999) (quotation omitted) (holding the Rules "assign to the trial judge the task of ensuring that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand").
[88] *Daubert*, 509 U.S. at 591.
[89] FED. R. EVID. 401.
[90] *Id.* at 591–592.
[91] *Daubert*, 509 U.S. at 591 (quoting *United States v. Downing*, 753 F.2d 1224, 1242 (CA3 1985)).
[92] *Id.*
[93] *In re Pool Prod. Distrib. Mkt. Antitrust Litig.*, 166 F. Supp. 3d 654, 662 (E.D. La. 2016) (quoting *Knight v. Kirby Inland Marine Inc.*, 482 F.3d 347, 355 (5th Cir. 2007) *and then Paz v. Brush Eng'd Materials, Inc.*, 555 F.3d 383, 388 (5th Cir. 2009)).
[94] *Guile v. United States*, 422 F.3d 221, 227 (5th Cir. 2005).

data and the opinion proffered,"[95] but there is no formula for determining whether expert testimony is reliable or unreliable "and the court must judge admissibility based on the particular facts of the case."[96] "Certain more specific factors, such as testing, peer review, error rates, and 'acceptability' in the relevant scientific community . . . might prove helpful in determining the reliability of a particular scientific 'theory or technique.'"[97] The proponent of the proffered expert testimony "must prove by a preponderance of the evidence that the testimony is reliable" and cannot rest on generic assurances.[98] However, the proponent "need not prove to the judge that the expert's testimony is correct"[99] and the Court should "approach its inquiry with the proper deference to the jury's role as the arbiter of disputes between conflicting opinions."[100] "As a general rule, questions relating to the bases and sources of an expert's opinion affect the weight to be assigned that opinion rather than its admissibility and should be left for the jury's consideration."[101]

### d. Analysis

Plaintiff seeks to exclude Defendants' Expert Adelino Yung because, according to Plaintiff, his "opinions suffer from both relevance and reliability issues."[102] Plaintiff does not challenge Yung's qualification as an expert.

As to relevance, Plaintiff argues that Yung's "opinions are intended to support Defendants' contention that the collision was not the cause of Plaintiff's neck and back injuries"

---

[95] *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997). "[N]othing in either *Daubert* or the Federal Rules of Evidence requires a district court to admit opinion evidence that is connected to existing data only by the *ipse dixit* of the expert." *Id.*

[96] *Wells v. SmithKline Beecham Corp.*, 601 F.3d 375, 379 (5th Cir. 2010).

[97] *Kumho Tire Co.*, 526 U.S. at 141 (quoting *Daubert*, 509 U.S. at 593–94).

[98] *Moore v. Ashland Chem. Inc.*, 151 F.3d 269, 276 (5th Cir. 1998).

[99] *Id.*

[100] *Viterbo v. Dow Chem. Co.*, 826 F.2d 420, 422 (5th Cir. 1987); *see Daubert*, 509 U.S. at 596 ("Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence.").

[101] *United States v. 14.38 Acres of Land, More or Less Situated in Leflore Cty.*, 80 F.3d 1074, 1077 (5th Cir. 1996) (quoting *Viterbo*, 826 F.2d at 422).

[102] Dkt. No. 53 at 5, ¶ 3.5.

and are irrelevant because Defendants' other expert, James Simmons, determined Plaintiff's injuries were a result of the collision.[103]   The Court disagrees. The competing testimony of an expert in a different field does not make Yung's testimony irrelevant, but rather presents an issue for the jury, whose role is to serve as the arbiter of disputes between conflicting opinions.[104] Moreover, that there is competing testimony only supports the relevancy of the opinion as it demonstrates that it relates to a fact at issue in the case. Thus, the Court finds that Yung's testimony is relevant.

Plaintiff further argues that Yung's opinions are unreliable because "they are based upon insufficient facts and data."[105]  Plaintiff additionally contends that Yung's opinions are not reliable because Yung based his opinion on the repair estimate rather that the invoice—when he did not have knowledge of whether the estimate identified *all* damage to the vehicle—and on a crash test study involving different types of vehicles.[106] Plaintiff also argues that:

> Though he has adopted a method of calculating the lateral speed involved (suspect for the reasons mentioned in paragraph 3.9, among others), he testified that he did not know how far the tractor had travelled through its left turn at the time of impact or the forward speed that it had achieved. If both forward and lateral speeds are a component of his analysis, then the facts and data that he relied upon in this regard are insufficient.[107]

In response, Defendants point to Yung's report and deposition, which provide that Yung relied on:

> relevant facts (include in the police report, photographs of both vehicles, repair estimate, data obtained from an inspection Plaintiff's vehicle, and the deposition testimony of both parties), crash test simulations from an independent governmental agency (NHTSA) and real-world case studies from the NASS, and the application of well-established scientific principles of conservation of momentum, energy and restitution.[108]

---

[103] *Id.*, ¶¶ 3.6–3.7.
[104] *See Viterbo, supra* note 100.
[105] Dkt. No. 53 at 5, ¶ 3.8.
[106] *Id.* at 5–6, ¶ 3.10.
[107] *Id.* at 6, ¶ 3.11.
[108] Dkt. No. 57 at 8, ¶ 18 (citing Dkt. No. 57-2 at 5; Dkt. No. 57-3 at 23–24 (129:9–130:25) & 18 (124:5–124:16)).

The Court finds that Yung's opinions are based on accepted bases for accident reconstruction by biomechanical engineers like Yung.[109] Plaintiff's contentions, again, speak more to the weight of the testimony than to admissibility.[110] Plaintiff has not demonstrated a significant difference between the repair estimate and invoice such that the estimate, along with all of the other evidence Yung relies on, is insufficient to reasonably support his conclusions. Further, it is unrealistic that there is a crash test for every configuration of vehicle collision. The Court finds that Yung's reliance on crash tests from national databases, though they are not identical scenarios, also does not make his opinion unreliable.[111] Lastly, Plaintiff alleges the facts Yung relied on in calculating the lateral speed involved are insufficient because he did not use facts that Plaintiff proposes are necessary to such a calculation.[112] However, Plaintiff provides no basis for this proposition. The Court finds that Defendants provide sufficient information and assurances in Yung's report and deposition to prove by a preponderance of the evidence that his methodology is reliable.[113] Plaintiff's unsupported contention does not convince the Court otherwise. Thus, the Court finds that Defendants have proven by a preponderance of evidence that Yung's opinions are reliable.

For the foregoing reasons, the Court finds that Defendants' expert Adelino Yung's testimony is admissible. Accordingly, the Court **DENIES** Plaintiff's motion[114] to strike Defendants' expert Adelino Yung.

---

[109] Dkt. No. 57-3 at 25 (131:5–10); *See Reynoso v. Ford Motor Co.*, 2015 WL 5994183 (S.D. Tex. Sept. 27, 2005); *see Herrera v. Werner Enterprises, Inc.,* 2015 WL 12670443, at *3 (W.D. Tex. Sept. 28, 2015) (holds biomechanical engineers are qualified experts for the purposes of accident reconstruction (citing a dozen federal court cases that have held the same)).
[110] *See 14.38 Acres, supra* note 101.
[111] *See* Dkt. No. 57-3 at 23–26.
[112] *See* Dkt. No. 53 at 6.
[113] *See* Dkt. No. 57-3 at 21–23; Dkt. No. 52.
[114] Dkt. No. 53.

## VI. CONCLUSION AND HOLDING

For the foregoing reasons, the Court **STRIKES** Plaintiff's supplemental response[115] to Defendant's motion for partial summary judgment and **GRANTS** Defendant's motion.[116] The Court **DENIES** Plaintiff's motion to strike defense expert Adelino Yung.[117]

The Court also **CONTINUES** the parties final pretrial conference originally scheduled at 9a.m. on Monday, December 28th to **9a.m. on Tuesday, December 29, 2020**.

IT IS SO ORDERED.

DONE at McAllen, Texas, this 22nd day of December 2020.

_____
Micaela Alvarez
United States District Judge

---

[115] Dkt. No. 62.
[116] Dkt. No. 52.
[117] Dkt. No. 53.